IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JUAN CARLOS RINCON PARRA,       §
          Petitioner,       §
                                 §
v.       §       No. 3:26-cv-01172-G-(BT)
                                 §
WARDEN PRAIRIELAND       §
DETENTION CENTER,       §
          Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** as moot.

Plaintiff, an alien detainee, originally filed a petition for writ of habeas corpus in Case No. 3:26-cv-01070-G-BT challenging his continued detention by U.S. Immigration and Customs Enforcement (ICE). The Court subsequently severed Plaintiff's conditions-of-confinement allegations into this separate civil action. Construed liberally, Plaintiff alleges that conditions at the ICE detention facility were unsafe because he was exposed to a possible tuberculosis case and did not receive a medical evaluation for approximately nine days after reporting symptoms that included lung pain and a dry cough. *See* Petition at 6, 11 (ECF No. 3). Although these allegations concern Plaintiff's medical care and conditions of

confinement, Plaintiff seeks only prospective injunctive relief related to his detention, including release from custody and orders governing his detention and removal. Pet. at 14.

Respondent has since advised that ICE removed Plaintiff from the United States on May 14, 2026, pursuant to a final order of removal. *See* Response, Case No. 3:26-cv-01070-G-BT, [ECF No. 10 at 1]. Plaintiff is therefore no longer in ICE custody.

Because Plaintiff seeks injunctive relief—not monetary damages—the threshold question is whether this action remains justiciable. Federal courts may adjudicate only live controversies. *U.S. Const.* art. III, § 2. A case becomes moot, and thus outside the Court's subject-matter jurisdiction, when circumstances change so that the court can no longer provide effective relief. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Plaintiff's removal from the United States renders his request for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a prisoner's transfer renders moot his claim for declaratory and injunctive relief). Because Plaintiff is no longer detained by ICE, the Court cannot grant the injunctive relief he seeks with respect to his medical care in ICE custody. Just as in *Holiday*, "any suggestion of relief based on the possibility of" Plaintiff's return to ICE detention in this country "is too speculative to warrant relief." *Id.* Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE** as moot.

**SO RECOMMENDED** June 15, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).